Let's wait just a minute and let everyone get settled. Okay, Mr. Norrish. May it please the Court. Your Honors, this case has three issues. One, on the age discrimination claim as to whether the plaintiff could show pretext. Two, whether the plaintiff's retaliation claim was properly dismissed by the District Court. And the third is a counter appeal by the defendant or the appellee claiming that it is not an employer. The first is to regard a pretext issue. The Court determined that the plaintiff had not shown inconsistencies and discrepancies in the qualifications or the explanations by the judges. We would contend that there were numerous inconsistencies, not only between the judges, but between the appellee and the judges, the circuit court judges in this case that act as agents for the appellees. Particularly with the appellees, after the judges had given their reasons in their motion for summary judgment, they raised their own explanation to further justify what the judges had done and cited numerous cases outside of the circuit court, cases before the circuit court judges, to claim that the appellant had issues with his performance. However, every circuit judge admitted they had not considered any of those cases and this was something raised purely by appellees' counsel. We believe this in and of itself is a material alter of their reason for not hiring the appellant under the Burrell case and that in and of itself is enough for the case to proceed to trial. But as well, there are many inconsistencies between the judges. The circuit court judges, some claimed that they only interviewed people they did not know, except the people they hired and interviewed, they knew and admitted they knew. There were some justices who said that they did not remember exactly what they discussed regarding Mr. Easley, but were sure that each time he applied, they discussed him, considered him. And other justices said, no, they don't remember ever having conversations with him. The appellee claims everything is consistent, but there are numerous inconsistencies the judge has brought forward in this situation and many of those, not just inconsistencies, but disputes of fact where, for instance, Justice Howard alleged that Mr. Easley had told him he only wanted to work two years so he could qualify best for his PERS retirement. And while Mr. Easley admits part of the reason he was seeking the position was to qualify for that PERS retirement, he disputes that he only was seeking to work two years and he was also there to give the wages as a part-time public defender. There's also Justice Kitchens, who claims that part of his reasons that he had issues with Mr. Easley claiming that there was not necessarily a fight, but a threat to physically, for both of them to fight at the courthouse prior to Justice Kitchens taking the bench. Mr. Easley has denied that. That's a clear dispute of fact that should go to a jury to determine. So there are numerous inconsistencies, not just between the judges, but between the agents, the judges, and the appellee that should allow, and as well, the qualifications. Mr. Easley was a Mississippi Supreme Court Justice who had been on the bench of practice for decades, numerous felony criminal experience, and while the individuals hired were barely out of law school, never tried a felony case. These were serious inconsistencies in between their qualifications that should also, while in and of itself, with the defendant's legitimate non-discriminatory reasons they've alleged, those indiscrepancies in itself are not enough because we still have to dispute it, but we think between those discrepancies, between the qualifications, their inconsistencies, that this should be enough for at least the age discrimination claim to proceed to trial. With regard to the retaliation claim, we've cited the court case law from the Southern District where they sought to dismiss the case and argued the age discrimination but did not raise the retaliation claim. We believe that by not raising an argument regarding the retaliation claim, they cannot seek to dismiss it, and the court was improper to dismiss the entire case because of that. But you, Alyssa, you did not raise the retaliation issue in response to the renewed motion for summary judgment. That's correct. We did not specifically point to the court that it was not raised, but I believe in seeking summary judgment, the defendant has to make an argument for dismissing a claim, and their failure should not be put on us to go back and point to that issue. We believe the court should have acknowledged that and not ruled on the retaliation claim. And the court doesn't really address the retaliation claim. It only addresses the age claim and dismisses the case. With regard to the employer issue, we believe the court was right. This is, very frankly, it's just an issue of we see evidence of what happens when the county employs individuals. They put them on their payroll. The board approves them. And when the circuit court hires its employees, such as its law clerks, it goes to the administrative courts and hires them that way. This case is a little nuanced in the sense that we have a state public defender system set up by law, and there's two different types. There's one that's a full-time slash part-time public defender, and then there's another one that's case-by-case basis. The defendant, or the appellee, has raised this issue on appeal, saying, well, we're really, we're following the case-by-case basis. We contend that is had. It does not qualify. This does not meet the case-by-case basis. These people weren't handling issues on a case-by-case basis. They were employed by the county to handle all of the public defender work for that county, even though it was on a part-time basis, but for an entire year, not on a case-by-case, assigned-by-a-judge type of situation. Where I say it's a little nuanced in this case, the judges don't really follow the law necessarily in this. The public defenders, I think, are supposed to be appointed for three or four years. The judges only appoint them for a year. They're supposed to get a list from the local bar association. They don't do that. There's a lot of other things that they, that both the county and the judges don't do, but they clearly have adopted a public defender system. It just, they're not really complying with the law in either situation on a case-by-case or individual. The employer to the EEOC had claimed, the appellee had claimed, well, we're not really the employer because the circuit judges are making this decision and we're required by law to just follow whatever they do. Well, there's a little yes and no to that. They say that we don't have a public defender system, which means they wouldn't be required to follow that law, but at the same time, if a judge decides to . . . they claim the circuit court judges have the ability to not employ that person anymore. That's not accurate. Judges certainly have the ability to control their courtroom and ban people from their courtroom, but that would be probably akin to my office hiring someone to come watch Fifth Circuit arguments every day and I could come to the bench and ask the court, do you have any recommendations for who should be, come listen to your arguments on my law firm's behalf? And if that person was inappropriate in the courtroom and the courtroom, the court banned them from the courtroom, that doesn't make them not my employee anymore. That just means they can't do what I hired them to do. I can still keep them on the payroll. I can have them do what I wish. They're my employee. I'm the person that hired them. And same thing for the county. It is the county that hires them and they set their pay. They set the terms and their minutes, what the term will be. In this situation, they do what the circuit judges wish. There is a lot of working back and forth in that aspect. It's kind of like a temp agency going to supply employees at a manufacturer like Nissan or Toyota. They're still the employees of the temp agency, but that manufacturer controls a good bit of what they do on a day-to-day basis. Your Honor, I believe that is my argument in chief. If the court has any further questions, I'd be happy to provide any answers. You saved time for rebuttal. Thank you, Mr. Norris. Thank you, sir. Ms. Lee? May it please the court. My name is Jamie Lee and I represent Lowndes County in this case. Your Honor, the district judge got it right when she stated and admitted that all the evidence he had of age discrimination in this case was hearsay, what he heard. As this court knows, that is simply not enough evidence at all to create a pretextual inference in this case. On the other hand, Your Honors, the reasons for not choosing easily as a public defender were legitimate and non-discriminatory and non-rebutted in this case. The judges who chose these public defenders, and there were judges that chose these public defenders, Judges Coleman, Judge Kitchens and Judge Howard, collectively wanted a candidate who was prompt to their courtroom, who had the necessary time to devote to the job and who got along well with others. Where the district court erred, and the only place Judge Acock erred,  the proper place to do that. Ms. Lee's own testimony undergirds the judge's rationale that he was not the right fit for the job, not because of his age, Your Honor, but because of his admittedly overburdened law practice, his reputation for seeking multiple continuances over his thirty-five year career as a lawyer, and the general notion that he created conflict in the courtroom and didn't get along well with others. Where the district court erred, and the only place Judge Acock erred, was not dismissing this case at the outset because Lowndes County is  Ms. Lee? Lee車 Lee숙.... Ms. Lee..... Thank you. Appellee mentions that appellant has not offered differences in qualifications and cites to the plaintiff's or the appellant's deposition testimony. But it was not just the appellant's deposition testimony that was taken. We took the appellant's deposition testimony first. But then we took the judge's testimony. We took the individual's that were hired's testimony. We got their qualifications on the record and we've cited it. Their qualifications are very clear. It's not hearsay. They're admitting to it on the record. With regard to the issue of Mr. Easley having enough time, the testimony they reference is that he was working six days a week. There was a time when he was working six days a week. But he also testifies that in the last few years, when he was applying for this position, his caseload had gone down and he was working only four days a week. What we've argued is that Justice Coleman has raised this issue but did not even concern himself with talking to Mr. Easley to see if this was an issue. And that in and of itself, the Tenth Circuit and we've also cited an opinion from the Southern District of Mississippi to say that that is evidence of pretext. Where you have a concern and it's something that you can purely get the other side's own and you essentially choose not to, a jury can infer the reason you're choosing not to is because you want it to be that conclusion. You want to have a reason not to hire Mr. Easley. That's pretext and that's what we have here. It's not an issue we're saying that they needed to interview Mr. Easley to know who he was. They knew who he was. He practiced before them for years. They knew him from the Mississippi Supreme Court. He was a well-known lawyer throughout the state. But with regard to any concern they had, with regard to necessity of time, that's something, honestly, we're not asking for a formal interview. I don't know what the difference between formal and informal is in this context and I don't know how they claim it's informal and don't explain what a formal interview is but that is really irrelevant. It's something that could have been solved with a phone call, not even an interview. But they weren't interested in that. And that's what's important and what we're trying to explain to the court is this is what a jury can pick up on and say they were more interested in trying to find a reason not to hire Mr. Easley, trying to set something aside. With regard to his reputation for continuances, this is where they've added and manipulated their reason. They cite to cases that are not before Judge Howard, Judge Kitchens, or Judge Coleman, which all three admit they did not. And Pelley's counsel during the deposition went on and on about Appellant's record as a trial lawyer to try to explain as if asking for a continuance is a nuance in the practice of law. And I think we all know it's pretty regular. I know I ask for him on a weekly basis it feels like. It's pretty regular. That doesn't mean a lawyer is incompetent or is not able to do his job. It just means sometimes he is busy. And at one point, Mr. Easley was pretty busy. He was working six days a week. He admits that. But at the time he was seeking the position, he was only working four. They also mentioned that the county has no involvement except for following the court's order. Well, that's not necessarily true. The county decides what the pay rate is. They decide whether they wanted to provide health insurance. They're the ones that submitted the application for PERS for retirement. There's not a particular office building for the public defenders, but they're the ones that decide whether there is. They decide when that pay goes up, down, changes, whatever they want to do. They decide whether they want to have a public defender's office. They can eliminate it. And since they're not really following the law, they really have a lot more because they're just . . . both the county and the circuit court are just doing as they please and following the law as they please. And I think that is also an issue of pretext in some sense to show that the circuit judges are just doing what they want to get the result that they want. They're in charge. It's the irony of they're in charge of enforcing the law, yet it is undisputed that they are not. And it's very clear their reasons for not are contradictory. And they contradict themselves. They contradict the defendant, the appellee in this situation in what they put forward. Thank you. All right. Thank you, Mr. Norris. In your case and all of today's cases are under submission. The court is in recess under the . . .